# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Kevin McKinley Simmons, ) | Civil Action No. 5:13-cv-00219-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of Social Security Administration[1], ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Kevin McKinley Simmons ("Plaintiff") filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Kaymani D. West, issued in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a) D.S.C. (ECF No. 28.)

The Magistrate Judge recommended affirming the Commissioner's final decision denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (Id. at 23.) Plaintiff timely filed objections to the Magistrate Judge's recommendation. (ECF No. 31.) For the reasons set forth below, the court **ACCEPTS IN PART AND REJECTS IN PART** the Magistrate Judge's Report and Recommendation and **REVERSES** the final decision of the Commissioner denying Plaintiff's claim for DIB and SSI pursuant to sentence four (4) of 42 U.S.C. § 405(g) and **REMANDS** the case to the

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is substituted for Commissioner Michael J. Astrue as Defendant in this lawsuit.

Commissioner for further proceedings consistent with this decision.

## I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The relevant factual and procedural background of this matter is discussed in the Report and Recommendation. (See ECF No. 28.) The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual and procedural summation is accurate and incorporates it by reference. The court will only reference herein facts pertinent to the analysis of Plaintiff's claims.

Plaintiff was born on December 16, 1973 and is presently forty (40) years old. (ECF No. 13-5 at 2.) He filed applications for DIB and SSI on September 1, 2010, alleging disability since October 1, 2009, due to lumbar degenerative disc disease. (Id. at 2, 6; see also ECF No. 13-2 at 14.) Plaintiff's application was denied initially on January 25, 2011, and upon reconsideration on April 6, 2011. (ECF No. 13-4 at 14, 18, 33, 35.) Plaintiff then requested an administrative hearing. On July 7, 2011, Plaintiff had a hearing before an Administrative Law Judge ("ALJ"), who found on July 20, 2011, that Plaintiff was not under a disability as defined by the Social Security Act ("SSA") because he was capable of "making a successful adjustment to other work that exists in significant numbers in the national economy." (ECF No. 13-2 at 19, 25.) Thereafter, the Appeals Council denied Plaintiff's request for review on November 21, 2012, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. (Id. at 2.)

Subsequently, on January 23, 2013, Plaintiff commenced an action in the United States District Court for the District of South Carolina pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the Commissioner's final decision denying Plaintiff's claim for DIB and SSI. (ECF No. 1.) On March 31, 2014, the Magistrate Judge issued her

recommendation that the Commissioner's final decision denying Plaintiff's claim for DIB and SSI be affirmed. (ECF No. 28.) Plaintiff filed timely objections to the Magistrate Judge's recommendation on April 10, 2014. (ECF No. 31.) The Commissioner filed a response to Plaintiff's objections on April 23, 2014. (ECF No. 33.)

## II.     LEGAL STANDARD AND ANALYSIS

A.     <u>The Magistrate Judge's Report and Recommendation</u>

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. <u>See</u> <u>Mathews v. Weber</u>, 423 U.S. 261, 270-71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to - including those portions to which only "general and conclusory" objections have been made - for clear error. <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005); <u>Camby v. Davis</u>, 718 F.2d 198, 200 (4th Cir. 1983); <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. <u>See</u> 28 U.S.C. § 636(b)(1).

B.     <u>The Court's Standard of Review</u>

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." <u>Thomas v. Celebrezze</u>, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that

substitutes the court's findings for those of the Commissioner. See Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. See Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." Vitek, 438 F.2d at 1157–58.

C.  The Magistrate Judge's Report and Recommendation

In the Report and Recommendation, the Magistrate Judge observed that substantial evidence supported the ALJ's determination that Plaintiff's November 2010 MRI did not provide "objective evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis resulting in psuedoclaudication as required by Listing 1.04." (ECF No. 28 at 14–18 (citing ECF No. 13-2 at 15).) The Magistrate Judge then found that the ALJ "appropriately considered Plaintiff's statements and the medical record to determine the extent to which Plaintiff's symptoms affect his capacity to perform basic work activities." (Id. at 17 (citing ECF No. 13-2 at 17).) In this regard, the Magistrate Judge observed that "the ALJ reviewed Plaintiff's subjective testimony, but found that his statements concerning the intensity, persistence and limiting effects of his symptoms were not credible to the extent they were inconsistent with the ALJ's RFC." (Id. at 18 (citing Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (recognizing that, under substantial evidence standard, the court does not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for the ALJ's)).)

Finally, the Magistrate Judge found that substantial evidence supported the ALJ's evaluations and weight given to the opinions of treating physicians Dr. John G. Creel and Dr. Joseph M. Marzluff.  (Id. at 20 ("The ALJ further noted Dr. Creel's referral of Plaintiff to Dr. Marzluff for neurological testing and Dr. Marzluff's finding that Plaintiff 'suffered from only mild degenerative disc disease with left L5 radiculopathy.'  []The ALJ gave little weight to the opinion of Dr. Creel, finding that his 'opinion appeared to be swayed more heavily by the [Plaintiff's] presenting complaints at the time of the office visit than the objective clinical testing and findings.  Dr. [Creel] reported that the [Plaintiff] had full range of motion on several office visits and never found objective limitations related to the [Plaintiff's] back disorder.  He also reported that 'no deficits noted' on several occasions.'").)  Based on the foregoing, the Magistrate Judge concluded that substantial evidence supported the Commissioner's decision to deny Plaintiff DIB and SSI and, as a result, recommended that this court affirm that decision. (Id. at 23.)

D.     Plaintiff's Objections and the Commissioner's Response

Objections to the Report must be specific.  See U.S. v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984) (failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge); see also Camby, 718 F.2d at 199 (in the absence of specific objections to the Report of the magistrate judge, this court is not required to give any explanation for adopting the recommendation).

Plaintiff first objects to the Magistrate Judge's recitation of the entire report from his November 2010 MRI because "the ALJ cited only certain sections of this report and never mentioned the severe findings of nerve root impingement at L5-S1." (ECF No. 31 at 1 (citing

5

ECF No. 13-2 at 14–15.) Accordingly, Plaintiff argues that if the Magistrate Judge's recommendation is based on a more detailed or expansive reading of the facts than the ALJ's decision, then the court should reject the recommendation. (Id. at 2.) Plaintiff next objects to the Magistrate Judge's finding that substantial evidence supports the ALJ's assessment of Plaintiff's November 2010 MRI because "the ALJ failed to mention, evaluate, analyze or in any way account for" Plaintiff's "significant, listing-level problems at the level of L5-S1." (Id. at 3.) Plaintiff argues that remand is required whenever the ALJ's "analysis fails to consider or leaves out this kind of important, relevant, objective medical evidence." (Id. (citing, e.g., Corbin v. Colvin, 2:12-cv-3072-MGL (D.S.C. Dec. 23, 2013); Barnette v. Barnhart, 381 F.3d 664, 668 (7th Cir. 2000)).) Plaintiff further objects to the Magistrate Judge's failure to make findings about whether the ALJ's conclusions were rationally related to the actual record. (Id. at 4–5 ("This is a case in which the ALJ and the Magistrate ignored favorable evidence, proceeded as if this favorable evidence did not exist, and credited only the evidence which they wished to use.").) Finally, Plaintiff objects to the Magistrate Judge's recommendation because it fails to address the ALJ's decision to give "more weight to the non-examining state agency chart reviewer" and ignore "Dr. Marzluff's findings and the relevant findings of the consultative examiner." (Id. at 6.) Plaintiff asserts that the ALJ erred by giving the greatest weight to a state agency consultant "[w]hen the treatment records are ambiguous or conflicting, or when the data in these records does not contain objective, quantifiable medical data which lends itself to decision making by a person who has not conducted a personal, hands-on examination." (Id. (citing Smith v. Schweiker, 795 F.2d 343, 347 (4th Cir. 1986).)

In response to Plaintiff's objections, the Commissioner requests that the court reject Plaintiff's objections to the Report and Recommendation and affirm the administrative decision.

(ECF No. 33 at 6.)

E.     The Court's Review

The court has reviewed Plaintiff's objections to the Magistrate Judge's Report and Recommendation. After de novo review of Plaintiff's objections, the court finds that the Magistrate Judge performed a thorough analysis of the record, including her evaluation of the medical evidence as it relates to Plaintiff's objections. As a result, the court overrules Plaintiff's objections regarding the weight given by the ALJ to the findings of Plaintiff's treating physicians and the evaluation regarding his November 2010 MRI. However, the court agrees with Plaintiff that the ALJ's findings are required to be rationally related to the actual record. In this regard, the court finds that the ALJ was required to fully explain his rationale for finding that Plaintiff could perform jobs in the national economy when the vocational expert offered the following testimony based on limitations suggested by both the ALJ and Plaintiff's attorney:

> Q     Now let me in addition add the following limitations, that the individual is able to stand and walk zero to two hours in an eight hour day, sit, zero to two hours in an eight hour day and occasionally left less than 10 pounds. Would there be any jobs that exist again for someone with the same age, education and work experience as the claimant that would exist in the regional or national economy?
>
> A.     No sir.
>
>        . . .
>
> Q     Excuse me, let me restate this question. Would a claimant's abilities be affected in the jobs available by his inability to concentration or falling asleep on the job?
>
> A.     If he were not able to concentrate and would fall asleep on the job he would not be able to perform any jobs in the state or national economy.

(ECF No. 13-2 at 55–56.)

Because of the aforementioned testimony, the matter should be reversed so that the ALJ can properly specify the evidence in the record that supports a finding as to why Plaintiff does

7

not possess the limitations that the vocational expert states would make him unable to perform any jobs in the state or national economy.  Therefore, the court sustains Plaintiff's objection to the Magistrate Judge's Report and Recommendation regarding whether substantial evidence in the record supports the ALJ's finding that Plaintiff can perform jobs that exist in significant numbers in the national economy.

### III.     CONCLUSION

Upon careful consideration of the entire record, the court **ACCEPTS IN PART AND REJECTS IN PART** the Magistrate Judge's Report and Recommendation incorporating it by reference, and **REVERSES** the final decision of the Commissioner denying Plaintiff's claim for Disability Insurance Benefits and Supplemental Security Income pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDS** the case to the Commissioner for further proceedings consistent with this decision.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 25, 2014
Columbia, South Carolina