# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Kevin McKinley Simmons, ) | Civil Action No. 5:13-cv-00219-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | **ORDER AND OPINION** |
| Of Social Security Administration[1], ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Kevin McKinley Simmons ("Plaintiff") filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Defendant") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). This matter is before the court on Defendant's Motion to Alter Judgment pursuant to Fed. R. Civ. P. 59(e) ("Rule 59(e) motion") (ECF No. 37) requesting the court alter its Order of September 25, 2014 ("Order"), (ECF No. 35), which adopted in part and rejected in part the Magistrate Judge's Report and Recommendation ("Recommendation"), (ECF No. 28), reversing Defendant's decision, and remanding the case for further administrative proceeding. The procedural history and relevant facts of this case, set forth in detail in the Order and Recommendation, are incorporated herein.

For the reasons set forth below, the court **GRANTS** Defendant's Rule 59(e) motion.

## I.     LEGAL STANDARD

A.     Motions to Alter or Amend a Judgment Pursuant to Rule 59(e)

Fed. R. Civ. P. 59(e) provides that a "motion to alter or amend a judgment must be filed

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is substituted for Commissioner Michael J. Astrue as Defendant in this lawsuit.

1

no later than 28 days after the entry of a judgment." Fed. R. Civ. P. 59(e). The decision whether to reconsider an order pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Hughes v. Bedsoe, 48 F.3d 1376, 1382 (4th Cir. 1995). A court "may alter or amend a judgment if the movant shows either (1) an intervening change in the controlling law; (2) new evidence that was not available at trial; or (3) that there has been a clear error of law or a manifest injustice." Robinson v. Wix Filtration Corp., 599 F. 3d 403, 407 (4th Cir. 2010). It is the moving party's burden to establish one of these three grounds in order to obtain relief under Rule 59(e). See, e.g., Loren Data Corp. v. GXS, Inc., 501 F. App'x 275, 285 (4th Cir. 2012).

Rule 59(e) is an "extraordinary remedy that should be used sparingly." Wright v. Conley, No. 4:10-CV-0224-TLW, 2013 WL 314749, at *1 (D.S.C. Jan. 28, 2013). Rule 59(e) motions "may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. at *1.

B.     ALJ's Rationale for Step-Five of Disability Determination

Step-five of the determination of whether a claimant is disabled calls for an ALJ to "consider [their] assessment of [claimant's] residual functional capacity . . . age, education, and work experience to see if [claimant] can make an adjustment to other work." 20 C.F.R. § 404.1520. In order to complete this assessment a vocational expert can be questioned "to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform. In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." Walker v. Bowen, 889 F. 2d 47, 50-51(4th Cir. 1989). An ALJ's failure to explain why he or she

did not consider a vocational expert's answer to a hypothetical question does not undermine the step-five determination when the hypothetical addressed an impairment that ultimately is not included in the ALJ's residual functional capacity determination. See, e.g., Johnson v. Comm'r of Soc. Sec., 398 F. App'x 727, 736 (3d. Cir. 2010) (holding that ALJ's failure to explain why he did not consider VE's answer to second hypothetical question, which included work restriction of frequent breaks, did not undermine his step-five finding because it was obvious the answer was immaterial once the ALJ made RFC determination, which did not include need for frequent breaks); Fuller v. Astrue, No. 8:11-CV-02854-TLW, 2012 WL 7548272, at *15 (D.S.C. 18, 2012) (holding that the ALJ was not bound by the answer elicited from the VE since the ALJ determined the RFC did not include the additional limitations contained in a hypothetical posed to VE).

## II.    ANALYSIS

A.    Defendant's Rule 59(e) Motion

### 1. *Defendant's Arguments*

Defendant contends that the court should amend its judgment in the Order as it was in clear error, and instead fully affirm Defendant's decision because "it is supported by substantial evidence and is free of harmful legal error." (ECF No. 37-1 at 1.) Specifically, Defendant contends that "the Court has clearly erred by requiring the ALJ to explain his decision to reject limitations that he presented to the VE, but properly excluded from his RFC assessment." (Id. at 4.) Defendant contends that "the Court has ordered remand for further step-five discussion of the rejected hypothetical limitations, despite acknowledging that substantial evidence supports the ALJ's decision to exclude those limitations from Plaintiff's RFC," pointing to the fact that "the Court adopted the Magistrate Judge's finding that the ALJ properly evaluated the medical evidence. Thus, there is no basis for disturbing the ALJ's credibility findings and, accordingly,

there is no competent support in the record for the concentration/sleepiness problems that counsel presented to the VE at the hearing." (Id. at 5.) "In sum, the Commissioner's burden at step-five requires her to establish that there are a significant number of jobs Plaintiff can perform given his actual RFC," which "does not include the profound exertional limitations and concentration/sleepiness problems that the ALJ and Plaintiff's counsel explored at the hearing." (Id. at 6-7.)

   2. *Plaintiff's Arguments*

Plaintiff's response to Defendant's Rule 59(e) motion contends "the government's arguments do not meet the exacting requirements for relief" as "Rule 59(e) motion[s] may not be used to simply relitigate old matters." (ECF No. 38 at 2.) Specifically, Plaintiff contends that "the government has failed to show . . . clear error of law or manifest injustice." (Id. at 2.) As such, the Rule 59(e) motion should be denied.

B. The Court's Review

In the Recommendation, the Magistrate Judge found that substantial evidence supported the ALJ's rejection of the exertional limits from Dr. Creel's Functional Capacity Questionnaire on the grounds that his "opinion appeared to be swayed more heavily by the [Plaintiff's] presenting complaints at the time of the office visit than the objective clinical testing and findings." (ECF. No. 28 at 5, 20.) The Magistrate Judge also found that substantial evidence supported the ALJ's determination that Plaintiff's testimony regarding his concentration and sleepiness was not fully credible. (Id. at 7, 17.) In the Order, this court accepted the Recommendation's approval of the ALJ's exclusion of the impairments listed above from Plaintiff's residual functional capacity, holding that "the court overrules Plaintiff's objections regarding the weight given by the ALJ to the findings of Plaintiff's treating physicians . . . ." (ECF No. 35 at 7.) However, this court sustained "Plaintiff's objection to the Magistrate Judge's

Report and Recommendation regarding whether substantial evidence in the record supports the ALJ's finding that Plaintiff can perform jobs that exist in significant numbers in the economy," remanding to the ALJ to "properly specify the evidence in the record that supports finding why Plaintiff does not possess the limitations that the vocational expert states would make him unable to perform any jobs in the state or national economy." (Id. at 7-8.) [2]

Defendant seeks to have the Order altered on the grounds that it constituted a clear error of law. The court has already accepted the Magistrate Judge's recommendation that substantial evidence supported the ALJ's determination that the two limitations posed in the relevant hypotheticals were rejected from Plaintiff's residual functional capacity. Therefore, it would be unnecessary and redundant for the ALJ to reiterate in the step-five determination why he or she did not weigh the vocational expert's discussion of these limitations. See, e.g., Johnson, 398 F. App'x at 736. Accordingly, this court did err in the application of the relevant law.

### III.    CONCLUSION

For the reasons set forth above, the court **GRANTS** Defendant's Rule 59(e) motion. The court fully adopts the Recommendation (ECF No. 28) and affirms Defendant's final decision denying Plaintiff's claim for Disability Insurance Benefits and Supplemental Security Income.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 11, 2015
Columbia, South Carolina

---

[2] The limitations referred to are as follows: "the individual is able to stand and walk zero to two hours in an eight hour day, sit, zero to two hours in an eight hour day and occasionally left (sic) less than 10 pounds" and "inability to concentration (sic) or falling asleep on the job." (ECF No. 35 at 7.)

5